Ruffin, C. J.
 

 The Court would concur in the opinion given to the jury, if the contents of the letter, to which the defendant referred, sufficiently appeared, so as to enable us to see, that the defendant intended to promise to settle this claim. The case would then be similar to that of
 
 Smith
 
 v.
 
 Leeper,
 
 10 Ire. 86, in which the promise was to settle an account that had been before stated and was then shown to the defendant. That circumstance defined and limited the language of the party, so as to make it
 
 *88
 
 applicable to. a certain debt, then in the contemplation of the person, and to that only, as in all fairness and justice it should be. It was, in terms, to settle the particular debt appearing upon the account before the parties. But it is entirely otherwise in the present case. Nothing appears here, except that a letter from the plaintiff to the witness was Shown to the defendant, and the defendant, after reading it, said, he would settle with the defendant. ■ Settle what? Why, it could only be the matter mentioned in that letter. What was that ? We are uninformed.— It is but a bare conjecture, that it may have related to this demand ; and that is too vague to authorize 'an inference, that the promise was-in fact to pay this very debt. It is impossible to understand the language used by the defendant without some colloquium : for, *‘I will settle with Mr. Arey” is in itself senseless. That is not furnished here, for the want of a knowledge of the subject of the letter. The subsequent part of the testimony of the witness is equally unsatisfactory. He could not remember certainly, that “ the Murphy claim,” as he calls it, was-mentioned in the conversation, though he though tit was : but he does not tell us what was understood by that description, nor does he say what was said in relation to it, much less that the defendant agreed to settle that claim. Such loose language is unfit-to go to-a jury as evidence of a promise to pay a debt, for which the party was not before bound. It would virtually take away the protection, which the Legislature meant to give against stale demands. The -present case' seems "clearly to fall within the rule laid down in the. previous ones of
 
 Peebles
 
 v.
 
 Mason, 2
 
 Dev. 367, and
 
 Smallwood v. Smallwood, 2
 
 Dev. & Bat. 330.
 

 Per Curiam. -Judgment reversed arid
 
 a.venire denow.